## GUTCHES v. CITY OF COLUMBUS.

Common Pleas Court, Franklin County.

No. 183059. Decided September 21, 1951.

John R. Schickler, Columbus. for plaintiff.

Richard W. Gordon, City Atty., Hugh K. Martin, J. Raymond Snowden and J. Russell Leach, Asst. City Attys., Columbus, for defendants.

### OPINION

By GESSAMAN, J.

The amended petition herein seeks a declaratory judgment from this court. The plaintiff alleges that he is president of the Sacred Heart Boosters' Club, an unincorporated association which raises funds for charitable purposes only, and that in furtherance of said enterprise he conducts a game commonly known as bingo.

He further alleges that the defendant has publicly announced that it will cause the arrest of the plaintiff if he participates in said game. Then follows this allegation:

"The plaintiff requests this honorable court to render a declaratory judgment respecting the correct interpretation of said §13064 GC, determining whether such game of 'Bingo' may be operated and participated in under and by virtue of said §13064 GC where all benefits if any, derived from said operation are used solely and only for charitable purposes, to the end that plaintiff will be informed as to the true and correct interpretation of said action as to its legality or illegality."

The prayer of the petition reads in part as follows:

"Wherefore, plaintiff prays that this honorable court render a declaratory judgment as to the legality or illegality of said §13064 GC, where the gross profits from the entertainment known as 'Bingo' are used solely and only for charitable purposes * * *."

To this amended petition the defendant has demurred on the ground that it does not state facts which show a cause of action for a declaratory judgment. Seven grounds are urged in support of the demurrer. The fourth ground as stated by counsel for defendant in their brief is as follows:

"Plaintiff asks the Court for a declaration on a moot and academic problem."

We shall direct our attention to this claim.

Sec. 12102-6 GC provides as follows:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

As pointed out by counsel for defendant, §13064 GC is not the only section of the General Code of Ohio which deals with gambling. Furthermore, as has been pointed out, there is also an ordinance of the City of Columbus which deals with the same subject. It therefore appears to the court that to make a declaration in this case as to "the correct interpretation of said §13064 GC," "would not terminate the uncertainty or controversy giving rise to the proceeding," if any.

The plaintiff does not allege that he has been threatened with arrest by virtue of the provisions of §13064 GC. He alleges only that he has been threatened with arrest. It is obvious that this court has no way of knowing under what section of the General Code the arrest, if any, is contemplated, or whether he might be arrested and prosecuted under and by virtue of a City Ordinance.

In view of the fact that there are other statutes and an
ordinance dealing with the subject of gambling, it seems
quite obvious that no useful purpose would be served and
no uncertainty or controversy would be settled by making a
declaration as to §13064 GC as prayed for by the plaintiff
in his amended petition.

Without discussing the other grounds of the demurrer, it
is the opinion of the court that the demurrer should be and
is sustained for the reasons above given.